**W. E. Jones, Appellee, v. St. Louis Structural Steel Company, Appellant.**

Opinion filed September 19, 1932.
Rehearing denied October 24, 1932.

LEWIS & RICE and KRAMER, CAMPBELL, COSTELLO & WIECHERT, for appellant.

JOSIAH WHITNEL, WHITNEL & BROWNING, PAUL S. SCHMID and FORDYCE, WHITE, MAYNE & WILLIAMS, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee's declaration is, in substance, that he owned 15 shares of the preferred stock of St. Louis Structural Steel Company, a Delaware corporation; that he had a contract with said corporation that no merger thereof with another corporation should in any way impair the rights of the preferred stock; that said corporation, without his consent, merged with another Delaware corporation, and that appellant is the corporation formed by that merger; that after the merger, appellant, well knowing of appellee's rights as a preferred stockholder, took unto itself all of the assets of the first mentioned corporation, including appellee's pro rata share thereof, and wrongfully converted to its own use appellee's stock and his pro rata share of the assets aforesaid; that appellant has failed and refused to pay to appellee the value thereof to his damage in the sum of $2,500.

There is no averment in the declaration that there was a failure to comply with any of the provisions of the Delaware statute pertaining to the consolidation, or merger of corporations. That statute provides that a merger may be effected if approved and adopted by two-thirds of the total number of shares of the capital stock of each corporation. When appellee became a stockholder, he did so with a knowledge that the statute was a part of his contract, and that if, at any future time, representatives of two-thirds of the stock of his company should, in compliance with the law, vote to consolidate with another company, he would be bound by their action. *Mayfield v. Alton Railway, Gas & Electric Co.,* 198 Ill. 528. The charter of a

corporation is a contract between the stockholder and the corporation and between the stockholders themselves, into which is impliedly written every pertinent provision of the State law pertaining thereto. *Morris v. American Public Utilities Co.,* 14 Del. Ch. 136, 122 Atl. 696.

The lawful consolidation of a private corporation, with another, does not give a dissenting stockholder in the first corporation the lawful right to demand of the consolidated company payment in cash for his shares of stock. *Mayfield v. Alton Railway, Gas & Electric Co., supra.* The declaration in that case is fully set out in the opinion in 100 Ill. App. 614. A demurrer was interposed to the declaration in that case and sustained, and the decision was affirmed by the Supreme Court. There is no material difference between that declaration and the one in the case at bar, except that appellee made a further averment in his declaration to the effect that he had a contract with his corporation that no merger with another corporation should in any way impair the rights of the preferred stock.

Under the Delaware statute, incorporators desiring to form a corporation execute a certificate of incorporation and file the same with the secretary of state, who issues a certified copy thereof and the same is filed for record. Section 13 of the statute specifies in a general way what may be inserted therein. It states, among other things, that if the corporation shall be authorized to issue more than one class of stock, the designations, preferences and relative, participating, optional or other special rights of each class shall be set forth in full or summarized on the face or back of the certificate which the corporation shall issue to represent such class of stock.

Section 5, clause 8 of the statute, provides that the certificate of incorporation may contain any provision

which the incorporators may choose to insert, provided such provisions are not contrary to the laws of this State. The certificate of incorporation of the old St. Louis Structural Steel Company and the certificates of preferred stock contained the following provision: "The consolidation or merger of such company at any time, or from time to time with any other company or companies shall not be regarded or construed to be a dissolution of said corporation within the meaning hereof but no such merger shall in any way impair the rights of the preferred stock."

The latter part of that provision is in direct conflict with section 59 of the Delaware statute which authorizes the merger of corporations by entering into a written agreement prescribing the terms and conditions of the merger, etc., as well as the manner of converting the shares of each of the constituent corporations into shares of the consolidated corporation. It is evident that the legislature never intended that preferred stock of a corporation should not be impaired in any way by a merger. The provision of the certificate of incorporation to the effect that a merger should in no way impair the rights of the preferred stock was contrary to the law of Delaware expressed in said section 59. That provision is invalid. *National Union v. Keefe*, 263 Ill. 453.

Section 61 of the Delaware statute provides a method whereby a stockholder who does not desire to take stock in the consolidated corporation may have the value of his stock in the old corporation determined by appraisers and paid for by the consolidated corporation. Appellee made no attempt to have the value of his stock determined in the statutory method and is not claiming any rights under that statute. So far as we are advised, the Supreme Court of Delaware has never determined whether a dissenting stockholder, upon a merger of his corporation, may recover the value of his stock from the consolidated corporation.

The record shows that the consolidation in question was made in accordance with the provisions of the Delaware law. That being true, appellee was not entitled to recover the value of his stock from the consolidated corporation. *Mayfield v. Alton Railway, Gas & Electric Co., supra.* In advance of any decision by the court of last resort in a foreign State, courts of Illinois will not assume that the foreign court will declare the common law in that State to be different from the common law as construed by Illinois courts. *Royal League v. Kavanagh,* 233 Ill. 175. If appellee had averred and proved an illegal merger, or fraud, a different question would be presented. The declaration in this case does not state a cause of action and the judgment is reversed.

*Reversed.*